c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL REEDER, Plaintiff | CIVIL ACTION NO. 1:19-CV-00807 |
| VERSUS | JUDGE JOSEPH |
| SGT. "HOSS" DUCOTE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend (ECF No. 75) filed by Plaintiff Daniel Reeder ("Reeder"). Reeder seeks leave to add additional Defendant Assistant Warden Troy Poret ("Poret") and new factual allegations under Fed. R. Civ. P. 15. ECF No. 75 at 1. Defendants Austin "Hoss" Ducote ("Ducote"), the Louisiana Department of Public Safety and Corrections ("DPSC"), and Warden Sandy McCain ("McCain") (collectively, "Defendants") oppose. ECF Nos. 78, 79.

Because Reeder fails to show good cause to extend the expired scheduling order deadline for amendment of pleadings and addition of parties, and because an amendment to the pleadings at this stage would cause undue prejudice, Reeder's Motion to Amend (ECF. No. 75) should be DENIED.

### I. Background

On May 14, 2019, Reeder filed a verified Petition in the Twelfth Judicial District Court, Avoyelles Parish, against Defendants for alleged sexual assaults by Ducote in November of 2018. ECF No. 1-1. Reeder is incarcerated at Raymond Laborde Correctional Center ("RLCC"). ECF No. 1-1 at 2. Reeder asserts Defendants

1

violated his civil rights under 42 U.S.C § 1983 and retaliated against him for reporting the sexual assaults under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq.*. Reeder also asserts state law claims for negligence and *respondeat superior* liability under state law. ECF No. 1-1 at 6. Reeder seeks attorney's fees and costs under 42 U.S.C. § 1988 and punitive damages under § 1983. *Id.*

On June 25, 2019, Defendants McCain and DPSC removed. ECF No. 1. On July 11, 2019, Defendants answered. ECF Nos. 7, 8. On October 24, 2019, the Court entered a Scheduling Order (ECF No. 13). The deadline for joinder of parties and amendment of pleadings was July 23, 2020. ECF No. 13 at 1. On December 10, 2019, the parties filed a Rule 26(f) Report (ECF No. 16), noting that no amendments to the pleadings were anticipated. ECF No. 16 at 2.

On June 26, 2020, counsel for DPSC and McCain filed a Notice of Party's Death (ECF No. 23) advising McCain died on April 20, 2020.

Three days later, Reeder opposed Ducote's motion to continue trial and unexpired deadlines. ECF No. 30 at 1. On June 30, 2020, the Court upset the trial date and corresponding un-expired discovery and trial related deadlines. ECF No. 35. On August 7, 2020, the Court held a telephone status conference with the parties, at which time the District Court Judge refixed the trial and pretrial conference and continued all deadlines contained in the Scheduling Order (ECF No. 13) starting with paragraph 6 by 90 days. ECF No. 44. Notably, this did not include the deadline for

2

joinder of parties and amendment of pleadings – which appears at paragraph 4. No objections were noted. ECF No. 44.

Now, six months after expiration of the deadline, Reeder seeks leave to add a new defendant. ECF No. 75.

II.   Law and Analysis

   A.   Standards governing the Motion to Amend.

Fed. R. Civ. P. 15(a)(1) provides that:

a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

Where a court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Moreover, the more lenient standard of Rule 15(a) does not apply if an amendment would require the modification of a prior scheduling order. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)

(citing *S & W Enters, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rather, Rule 16(b) governs the amendment of pleadings "after a scheduling order's deadline to amend has expired." *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Under Fed. R. Civ. P. 16(b)(3)(A), the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Under Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for good cause and with the judge's consent. When the deadline to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under Rule 16(b)(4)'s good cause standard before determining whether denial is appropriate under Rule 15. *See S&W Enters., L.L.C.*, 315 F.3d at 536. The Court has broad discretion to preserve the integrity and purpose of the pretrial order. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015) (citing *S&W Enters., L.L.C.*, 315 F.3d. at 535) (internal quotation marks and citation omitted).

A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Million v. Exxon Mobile Corp.*, 837 Fed.Appx. 263, 266 (5th Cir. 2020) (citing *Filgueira*, 734 F.3d at 422). If a party shows good cause for missing the deadline, then the "more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* Four factors are relevant to a determination of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

4

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

      B.      <u>Reeder's Motion to Amend (ECF No. 75) should be DENIED.</u>

Reeder seeks leave under Fed. R. Civ. P. 15 to file an out of time amendment to add new Defendant Poret and new factual allegations. ECF No. 75. He argues Poret "should be brought into the litigation for his actions, especially, since Warden McCain died of COVID-19 and where [Poret] is also a supervisor and his actions were equally egregious." ECF No. 75-2 at 1. He states that "[Poret] was also in a supervisory position and he did as much if not more to retaliate against [Reeder] and he should be added to the lawsuit." ECF No. 75 at 1.

Reeder argues Poret should have to answer for his retaliation and for allowing others to do so. *Id.* He further asserts the parties have briefed the retaliation claim "that equally applies to" Poret, and have already briefed his claims of failure to supervise/train and violation of the Eighth Amendment. *Id.* at 1-2. Reeder also refers to some of the current discovery disputes. *Id.* at 2. Specifically, he refers to remaining production subject to a proposed protective order and DNA testing and analysis pending adoption of a protocol. *Id.* at 2.[1]

Reeder contends relief should be granted from the Scheduling Order (ECF No. 13). He argues the deadline was extended by 90 days to make the deadline to join additional parties October 23, 2020. ECF No. 75-2 at 2. However, the deadline for

---

[1] The Court has now entered Orders resolving the referenced disputes. ECF Nos. _____. No argument has been made in briefing of the remaining discovery disputes making any reference to Poret and Reeder fails to address the relevance of the few remaining discovery issues to the proposed new defendant.

5

joinder of parties and amendment of pleadings expired on July 23, 2020 and has not been extended.  ECF Nos. 13, 35, 44.  Nevertheless, Reeder asserts amendment will not prejudice Defendants as they have thus far provided McCain with a diligent defense which he asserts would benefit Poret.  ECF No. 75-2 at 2.

Reeder's original Complaint (ECF No. 1-1) filed in June of 2019 (ECF No. 1-1) alleges "Warden Poret retaliated against Daniel Reeder by punching him in the back of the head trying to get him to drop the PREA, which had not been held confidential as is required by policy."  ECF No. 1-1 at 3. No other allegations were made against Poret, and Poret was not named.  ECF No. 1. Reeder only alleges the "retaliation was by or at the direction of Warden Sandy McCain." *Id.* at 5.

Now – nearly two years after filing suit and six months after expiration of the deadline to amend and add new parties – Reeder seeks to add Poret as a new defendant.  ECF No. 75-3 at 3. Reeder seeks to amend paragraph 16, now 17, to include allegations of failure to supervise/train and allegations of failure to stop threats of retaliation against McCain "and/or [Poret]".  Reeder seeks to amend paragraph 21, now 22, to allege "the same is true of [Poret]" and to allege both McCain and Poret retaliated and failed to supervise underling staff.  ECF No. 75-3 at 6. Reeder also seeks to add an allegation under § 1983 that "[s]exual assault of an inmate by a correctional officer [is] in violation of the 8th Amendment right to be free from cruel and unusual punishment."  *Id.* at 10.  Reeder asserts he seeks to cure defects in the pleadings.  ECF No. 81 at 5.

Defendants oppose the out of time amendment. ECF Nos. 78, 79. Defendants assert the Scheduling Order deadline has long passed and dispositive motions have already been filed. ECF Nos. 78 at 2-3, 79. Defendants argue amendment after all defendants have filed motions for summary judgment is prejudicial. ECF Nos. 78 at 2, 79 at 4 (citing *Grant v. City of Houston*, 625 Fed.Appx. 670, 679-80 (5th Cir. 2015).

Here, Reeder fails to address the failure to amend to include Poret and related factual allegations. Reeder included one factual allegation as to Poret regarding retaliation in his original Complaint. ECF No. 1-1. But he failed to add Poret as a defendant, despite the apparent knowledge of Poret and alleged involvement of retaliation and/or failure to supervise since the inception of suit.

Additionally, Reeder's proposed allegations do not include new details applicable to Poret individually other than general allegations of retaliation and failure to supervise. ECF No. 75-3. Significant, and substantial, discovery has taken place, as well as dispositive motion practice. Amendment at this stage of the proceedings would unduly prejudice Defendants. Deadlines for joinder of parties and amendment of pleadings and dispositive motions have expired. Reeder fails to show good cause to amend the scheduling order. Thus, Reeder's request for leave to amend should be DENIED.

### III. Conclusion

Because Reeder fails to show good cause to extend the expired scheduling order deadline for amendment of pleadings and addition of parties; and because an amendment at this stage would cause undue prejudice;

IT IS RECOMMENDED that Reeder's Motion to Amend (ECF No. 75) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, April 15, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE