c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANIEL REEDER,                        CIVIL ACTION NO. 1:19-CV-00807
Plaintiff

VERSUS                                JUDGE JOSEPH

SGT. "HOSS" DUCOTE, *ET AL.*,          MAGISTRATE JUDGE PEREZ-MONTES
Defendants

_____

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (ECF No. 68) filed by Defendants Louisiana Department of Public Safety and Corrections ("DPSC"), and Warden Sandy McCain ("McCain") (collectively, "Defendants"). Defendants seek summary judgment as to all claims against them except vicarious liability under Louisiana tort law. ECF No. 68. Defendants also seek an award of attorney's fees under 42 U.S.C. § 1988. *Id.*

Plaintiff Daniel Reeder ("Reeder") opposes. ECF No. 74. However, Reeder concedes he makes no claims for injunctive relief, under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq.*;[1] under the Eighth Amendment against McCain for cruel and unusual punishment; under *Monell*; for negligence per se;[2] or for vicarious liability under 42 U.S.C. § 1983. ECF No. 74.

_____

[1] Reeder contends he does not assert a claim under the PREA, but pleaded a federal claim under 42 U.S.C. § 1983 citing to the PREA and state laws for creating a standard of care governing contact between prisoners and guards. ECF No. 74 at 5.

[2] Reeder does not allege a separate cause of action for negligence per se but alleges it to show the violation of the standard of care under state law. ECF No. 74 at 16.

Defendants reply, incorporating an objection and motion to strike Reeder's exhibits (ECF Nos. 74-3, 74-4, and 74-5). ECF No. 77.

Defendants' Motion for Summary Judgment (ECF No. 68) should be GRANTED IN PART AND DENIED IN PART. Because Reeder concedes he does not assert claims for injunctive relief, under the PREA, under the Eighth Amendment against McCain, under *Monell*, for negligence per se, or for vicarious liability under § 1983, summary judgment as to those claims is appropriate. Because DPSC and McCain are not "persons" against whom a § 1983 claim for monetary damages may be asserted, summary judgment is appropriate as to Reeder's § 1983 claim for monetary damages.[3] Because there is no genuine issue of material fact as to Reeder's First and Fourteenth Amendment claims against McCain for mail tampering or denial of access to courts through interference with the mail, summary judgment is also appropriate as to those claims.

Defendants are entitled to discretionary immunity only as to Reeder's state law claim of failure to train. Defendants are not entitled to discretionary immunity as to Reeder's state law claim for negligent supervision. Thus, summary judgment based on discretionary immunity of Reeder's negligent supervision claim under state law should be denied.

---

[3] For these same reasons and to the extent Reeder asserts an § 1983 official capacity claim against McCain for failure to train or supervise, that claim should also be dismissed. And because Reeder fails to establish a genuine issue of material fact against McCain for failure to train or supervise in his individual capacity under § 1983, and to the extent such claim is possibly alleged, that claim should be dismissed.

I.    <u>Background</u>

On May 14, 2019, Reeder filed a verified Petition in the Twelfth Judicial District Court, Avoyelles Parish, against Defendants for alleged sexual assaults by Ducote in November of 2018.    ECF No. 1-1.    Reeder was incarcerated at Raymond Laborde Correctional Center ("RLCC").  ECF No. 1-1 at 2.  Reeder asserts Defendants violated his civil rights under 42 U.S.C § 1983 and retaliated against him for reporting the sexual assaults under the PREA violation of his constitutional rights. Reeder also asserts state law claims for negligence and *respondeat superior* liability. ECF No. 1-1 at 6.    Reeder seeks attorney's fees and costs under 42 U.S.C. § 1988 and punitive damages under § 1983.  *Id.*

On June 25, 2019, Defendants removed under federal question jurisdiction. ECF No. 1.  On July 11, 2019, Defendants answered.  ECF Nos. 7, 8.

Defendants now seek summary judgment as to all claims except Reeder's claim against DPSC for vicarious liability under state law.    ECF No. 68.    Specifically, Defendants seek dismissal of Reeder's official capacity § 1983 claims against them for monetary damages on grounds of sovereign immunity, of any official capacity claims for injunctive relief as moot, of any claim under the PREA, and of any other state or federal laws on the basis that they do not provide an independent cause of action. ECF No. 68 at 1.  Defendants also seek dismissal of state law negligence-based claims and/or intentional tort claims against McCain; of Reeder's First Amendment claim for mail tampering; his First and/or Fourteenth Amendment claims for retaliation and/or obstruction of investigation and/or interference with his pursuit of relief; and

his Eighth Amendment claim for cruel and unusual punishment. Defendants further seek dismissal of Reeder's claims under § 1983 for vicarious liability,[4] dismissal on the grounds that he failed to allege or identify any policy, practice, or custom giving rise to the harm claimed, and dismissal of any negligent training and/or supervision claims against DPSC. *Id.* at 1-2. In support, Defendants submit a Statement of Undisputed Material Facts (ECF No. 68-2).[5]

Reeder admits the following claims were not pleaded: (1) injunctive relief; (2) PREA claims; (3) an Eighth Amendment claim against McCain; (4) vicarious liability under § 1983; (5) a *Monell* claim; and (6) negligence per se.[6] ECF No. 74 at 4. Still, Reeder attaches the following in support of his opposition: (1) excerpts of his deposition transcript (ECF No. 74-1); (2) his responses to discovery, correspondence, and Administrative Remedy Procedure ("ARP") documentation (ECF No. 74-2); (3) a DPSC Investigative Report regarding an unrelated complaint from inmate Victor Stewart (ECF No. 74-3); (4) portions of Reeder's medical records (ECF No. 74-4); (5) a handwritten statement from inmate Ryan Faber ("Faber") regarding Reeder's allegations (ECF No. 74-5); and (6) a Statement of Material Facts (ECF No. 75-6).

---

[4] It is undisputed Defendants do not seek summary judgment of Reeder's vicarious liability claims against Defendants under Louisiana tort law. ECF Nos. 68-1 at 31, n. 63, 77 at 2, n. 3.

[5] The parties' statements of undisputed and disputed material facts are not presented in normal required form under LR 56.2W. Rather, the statements consist of reciting the factual allegations as pleaded in the Complaint. Regardless, motions which require consideration of matters outside of the pleadings are appropriately considered under summary judgment.

[6] It is undisputed that these claims were not pleaded. ECF Nos. 74, 77. Thus, the Court need not address them. Summary judgment as to any claims not pleaded should be GRANTED.

Defendants reply and incorporate an objection and Motion to Strike that several of Reeder's exhibits be stricken or found insufficient.  ECF No. 77.

## II.    Law and Analysis

### A.    Standards governing summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[7]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to

---

[7] Local rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).[8]

**B.    Defendants' incorporated Motion to Strike Reeder's exhibits (ECF Nos. 74-3, 74-4, 74-5) should be treated as an objection.**

Defendants oppose and move to strike Reeder's exhibits (ECF Nos. 74-3, 74-4, 74-5) offered in opposition to their motion.[9]   ECF No. 77.   Citing Fed. R. Civ. P 56(c), Defendants argue that Reeder relies on allegations, unauthenticated exhibits, wholly irrelevant exhibits, and exhibits lacking in foundation.   According to Defendants, all are insufficient to overcome Defendants' motion. *Id.* at 2.   Defendants assert Reeder's Exhibits 3 (ECF No. 74-3), 4 (ECF No. 74-4) and 5 (ECF No. 74-5) cannot be submitted in a form that would be admissible in evidence. *Id.*

At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *See* Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016).   After a 2010 revision to Rule 56, "materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC,*

---

[8] Declarations and verified pleadings of a *pro se* prisoner dated and made on penalty of perjury constitute adequate summary judgment evidence. *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017).   Here, no affidavits or declarations were submitted, but Reeder's verified pleading constitutes adequate summary judgment evidence.

[9] Defendants also argue Reeder alleges in his Complaint (ECF No. 1-1), Opposition (ECF No. 74 at 11), and Statement of Material Facts (ECF No. 74-6 at 1) that McCain is related to Ducote.   ECF No. 77 at 1.   Defendants assert this allegation is unsubstantiated and is contradicted by Defendants' denial in their answers to the suit. *Id.*   Defendants argue the statement is a misrepresentation of fact. *Id.*   However, the Court considers this issue a disputed fact of which resolution is not material to a proper determination of the issues presented for summary judgment.

835 F.3d at 534 (quoting Fed. R. Civ. P. 56(c)(2)). "This flexibility allows the court to consider the evidence that would likely be admitted at trial – as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant – without imposing on parties the time and expense it takes to authenticate everything in the record." *Wilson v. City of Bastrop Through Cotton*, 3:20-CV-00351, 2021 WL 1034828, at *5 (W.D. La. Mar. 17, 2021) (citing Fed. R. Civ. P. 56(c)(1)(A)).

A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). "Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (citations omitted). "Under the now-applicable Rule 56(c)(2), however, it is no longer necessary for a party to file such a motion; instead, the party may simply object to the material." *Id.* (citing Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments). Thus, Defendants' incorporated motion to strike will be treated as an objection to Reeder's exhibits 3, 4, and 5.

1.   <u>Defendants' objection to the April 19, 2016 case report memorandum (ECF No. 74-3) should be sustained.</u>

In opposition to the motion, Reeder submitted an April 29, 2016 Case Report Memorandum (ECF No. 74-3) regarding allegations of another inmate Victor Stewart for a separate unrelated PREA complaint. ECF No. 74-3. Reeder submits this memorandum in support of his allegations of vicarious liability of Defendants for sexual assaults of inmates by correctional officers. ECF No. 74 at 14. Reeder

contends that his allegations of an alleged cover-up are not the first time the warden and PREA investigative team failed to follow PREA guidelines. *Id.*

Defendants argue Reeder's Exhibit 3 (ECF No. 74-3) is an unauthenticated memorandum related to a case report about events alleged to involve individuals other than Ducote or McCain, and summarizing claims about events occurring two and a half years before the allegations at issue in this case. ECF No. 77 at 3. Defendants assert this memorandum is irrelevant and should not be considered. *Id.* at 3, n. 6 (citing Fed. R. Evid. 401).

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the Court finds that the memorandum (ECF No. 74-3) – which is related to allegations by and against individuals not involved in this litigation – is irrelevant and need not be considered. Defendants' objection should be sustained.

## 2. Defendants' objection to Reeder's medical reports (ECF No. 74-4) should be overruled.

Defendants argue Reeder's Exhibit 4 (ECF No. 74-4) is a collection of unauthenticated medical reports. ECF No. 77 at 3. Defendants argue the reports document a diagnosis for depression for Reeder four months before the events alleged in this suit, and include reports dated subsequent to the events described in this suit that nowhere contain any medical opinions that causally connect the medical treatment to the conduct alleged by Reeder of any of the Defendants. *Id.* The reports show Reeder was treated for depression before the events in question, not after. *Id.*

at n.7.  According to Defendants, Reeder's treatment for a self-inflicted wound four months after the alleged events does not substantiate his injury claims here.  *Id.* at 3. Defendants find no medical opinion offered to causally connect any of Reeder's diagnoses in the referenced exhibits to the allegations in the Complaint.  *Id.*

However, "it is not dispositive whether the [disputed materials] in their current form are admissible in evidence. At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC*, 835 F.3d at 534 (quoting Fed. R. Civ. P. 56(c)(2) (emphasis added)).

Here, the medical records submitted by Reeder in support of his claims are capable of being "presented in a form that would be admissible in evidence."  Fed. R. Civ. P. (c)(2).  Reeder's inmate medical records may be admissible under the business records exception to the hearsay rule and may be properly authenticated in an admissible form of evidence.  Fed. R. Evid. 803(6), 901; *see also* Fed. R. Civ. P. 56(c)(2). And the Court does not require Reeder's medical records to be authenticated presently. *See Lee*, 859 F.3d at 355.

Therefore, the Court considers Reeder's Exhibit 4 (ECF No. 74-4) in its determination of summary judgment and Defendants' objection should be overruled.

### 3.    Defendants' objection to Faber's handwritten witness statement (ECF No. 74-5) should be sustained.

Defendants also contend that Reeder's Exhibit 5 (ECF No. 74-5) – the handwritten statement of inmate Faber – is hearsay, and is an unsworn, undated, unauthenticated document for which no foundation exists. ECF No. 77 at 3.

Defendants argue the statement fails to provide a foundation for Faber's purported personal knowledge or his competency to testify on the matters stated. *Id.* (citing Fed. R. Evid. 601, 602, 603, 801, 901, and 902; and Fed. R. Civ. P. 56(c)).

Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

Unsworn declarations that comply with 28 U.S.C. § 1746 may be used to support a factual assertion under Rule 56(c)(1)(A). *See, e.g., Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n. 2 (5th Cir. 2013) (citations omitted); *Stewart v. Guzman*, 555 Fed.Appx. 425, 432 (5th Cir. 2014) (per curiam, unpublished) (citing *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003)) ("consider[ing] the facts [plaintiff] alleges in his verified complaint, his two unsworn declarations, as well as the unsworn affidavits when determining whether he raised a genuine issue of material fact" because complaint, unsworn declarations, and unsworn affidavits of fellow inmates contained statements in substantial form required by § 1746).

Here, Reeder submits a short-handwritten statement by Faber who states he witnessed Ducote take Reeder off Cajun 1-B1 Tier, and that they both went to the back of the unit by the barber shop and mop storage area together.  ECF No. 74-5.  Faber states he would always see Ducote call Reeder to the bars and give him food, and was always laughing and playing with him. *Id.*  The statement has Faber's signature and his thumbprint.  *Id.*  However, Faber's statement contains no date, no assertions that the statement is based on his personal knowledge, and no declaration under penalty of perjury that these statements are true and correct.

The Court finds Faber's statement is unsworn, is not dated, and fails to comply with the form requirements under § 1746.  Therefore, the Court does not consider Faber's statement (ECF No. 75-5).  Defendants' objection should be sustained.

**C.    Reeder's § 1983 claims**

      **1.    Reeder's official capacity § 1983 claims against Defendants for monetary damages should be dismissed with prejudice.**

Defendants argue they are entitled to Eleventh Amendment immunity from Reeder's official capacity § 1983 claims against them for monetary damages.  ECF No. 68-1 at 21-22.[10]  Reeder responds that Defendants waived sovereign immunity by removing to federal court.  ECF No. 74 at 4.

The Eleventh Amendment bars suits against a state in federal court "unless that state has waived its sovereign immunity or Congress has clearly abrogated it."

---

[10] Defendants also assert any official capacity claim by Reeder against DPSC and/or McCain seeking injunctive relief is moot because he is no longer housed at RLCC.  ECF No. 68-1 at 22.  As noted herein, Reeder concedes he does not assert any claim for injunctive relief.  For that reason, Defendants' request for summary judgment of any claims for injunctive relief should be GRANTED.

*Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020). This Eleventh Amendment immunity extends to suits against "arms of the state." *Id.*; *see also Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997, *cert. den.*, 522 U.S. 1078 (1998) (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)). The Eleventh Amendment also bars suits in federal court against state officials where the state is the real, substantial party in interest. *See Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990).

A state does not waive immunity where it is a party to a suit that is removed to federal court as long as the state does not join the removal. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546-47 (5th Cir. 2006). However, "[a] State waives [sovereign] immunity when it removes a case from state court to federal court." *Zeng v. Texas Tech Univ. Health Sci. Ctr. at El Paso*, 836 Fed.Appx. 203, 207 (5th Cir. 2020) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618-19 (2002)). "To be sure, 'the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability . . . .'" *Id.* (citing *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005)). "Thus, a state may waive its immunity from suit through removal and simultaneously retain its immunity from liability." *Id.*

Here, Defendants removed this action to federal court. ECF No. 1. Thus, the Court finds Defendants waived their sovereign immunity only from suit in federal court by voluntarily removing this litigation. *Lapides*, 535 U.S. at 624; *see also Spooner v. Jackson*, 251 Fed.Appx. 919, 924 (5th Cir. 2007) (finding the State of

12

Louisiana and DPSC waived sovereign immunity under the Eleventh Amendment by removing the case, which brought claims under § 1983, to federal court).

However, "that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." *Meyers ex rel. Benzing*, 454 F.3d 503, 504 (5th Cir. 2006); *aff'g on reh'g* 410 F.3d 236. To the extent Defendants' seek summary judgment of Reeder's official capacity § 1983 claims against them for monetary damages, Reeder has no viable § 1983 claim against DPSC and McCain in his official capacity because they are not "persons" under § 1983. *See Parker v. Louisiana Dep't of Pub. Safety & Corr.*, 2020 WL 4353564, at *8 (M.D. La. July, 29, 2020) (citations omitted); *see also Lapides*, 535 U.S. at 617 (holding that a State is not a "person" against whom a § 1983 claim for money damages might be asserted). This extends to "arms of the state" and to a state's "officials acting in their official capacities." *Parker*, 2020 WL 4353564, at *8 (citing *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs.*, 633 Fed.Appx. 607, 610 (5th Cir. 2016)). And this rule applies even when a state waives its Eleventh Amendment immunity by voluntarily removing a suit to federal court. *Id.* (citing *Williams v. Louisiana*, 2019 WL 1003645, at *4 (M.D. La. Feb. 28, 2019)). Therefore, Reeder's official capacity § 1983 claims against Defendants for monetary damages should be dismissed with prejudice.[11]

---

[11] Reeder does not specifically separate address Defendants' assertions regarding a potential § 1983 claim against McCain for failure to train or supervise, but addresses it only in the context of retaliation. For the same reasons cited herein and to the extent Reeder alleges §

2. **Reeder's § 1983 claim against McCain for retaliation and obstruction of investigation should be dismissed.**

Defendants argue that to the extent Reeder alleges McCain's actions amount to failure to properly investigate alleged sexual abuse, such allegation does not rise to the level of a constitutional right. ECF No. 68-1 at 26-27. Defendants contend inmates do not enjoy a right to an investigation by government officials. *Id.* at 27. The PREA Investigative Report (ECF No. 62-3) establishes an extensive investigation into Reeder's claims was completed, as was steps one and two under ARP (ECF No. 62-8). *Id.* Defendants further assert Reeder fails to establish any violation or deprivation of a Fourteenth Amendment right. *Id.* at 29.

Reeder responds that filing of a PREA/ARP is an exercise of both a First Amendment and Fourteenth Amendment right to administrative procedures. ECF No. 74 at 10. Retaliation for exercising such rights is a constitutional violation and

---

1983 official capacity claims against McCain for failure to train or supervise, that claim should be dismissed.

Additionally, "[a] supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional polices that causally result in the constitutional injury." *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Moreover, a supervisor may be liable for failure to supervise or train if: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). "[M]ere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

Here, Reeder does not allege or show McCain participated in the alleged sexual assault and does not allege or show the implementation of an unconstitutional policy by McCain. To the extent Reeder alleges a § 1983 individual capacity claim against McCain for failure to supervise or train, that claim should also be dismissed.

14

that supervisory officials may be liable under § 1983 only if they affirmatively participate in acts constitutionally depriving that right or implementing unconstitutional policies that result in injury. *Id.* at 10-11. Reeder insists he properly pleaded a retaliation claim. *Id.* at 11.[12]

Reeder submits his deposition testimony (ECF No. 74-1) to establish acts of retaliation, including refusal of medical attention and from seeing his mental health supervisor, denial of protection, and slander of his name as a homosexual. *Id.*; ECF No. 74-1 at 34. Reeder claims there were multiple threats and acts of retaliation. ECF No. 74 at 12. And Reeder testified he personally heard McCain and other RLCC staff talk about his PREA complaint. ECF No. 74-1 at 9.

Reeder testified that because of the alleged sexual assault and retaliation, he tried to commit suicide and has been on medical for his mental distress. ECF Nos. 74 at 12; 74-1 at 31. After he made the PREA phone call, he was bum rushed, grabbed, and put against the walk, and twenty minutes after he filed the complaint, he was accused of making a false claim. ECF Nos. 74 at 13; 74-1 at 40-41. Reeder argues the retaliation started as soon as he made the PREA complaint, which suggests motive. ECF No. 74 at 14.

"To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hicks v.*

---

[12] Reeder alleges he filed a PREA complaint against Ducote. *Id.* Reeder argues a DNA sample was collected that was never sent to State Police; that was never collected from Ducote or McCain, who Reeder testified was related to Ducote; and that was never reported to the sheriff's office. *Id.*

15

*LeBlanc*, 832 Fed.Appx. 836, 842 (5th Cir. 2020) (citing *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017)). "[A]n act taken in an attempt to chill the exercise of constitutional rights need not be independently unconstitutional to be actionable in a retaliation claim.  It is the retaliatory motive that gives rise to the constitutional violation (of the First Amendment) in that situation."  *See Lempar v. Collier*, 710 Fed.Appx. 231, 233 (5th Cir. 2018).  "A plaintiff must 'produce direct evidence of motivation' or 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.*

> The United States Court of Appeals for the Fifth Circuit states:
>
> Prison officials may not retaliate against prisoners for exercising their constitutional rights, including a prisoner's First Amendment right of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). 'Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities . . . .' *Butts*, 877 F.3d at 589 (citing *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009)). Protected activities include 'exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct.' *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).

*Id.*  Temporal proximity alone is insufficient to prove but for causation.  *Reese*, 322 Fed.Appx. at 383 (citations omitted).

"Claims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Moreover, verbal abuse alone does not violate a plaintiff's constitutional rights. *See Randolph v. London*, 400 Fed. Appx. 894, 896 (5th Cir. 2010); *Harvey v. Stalder*, 130 Fed. Appx. 654, 654 (5th Cir. 2005), *cert. den.*, 546 U.S. 839 (2005); *see also McFadden v. Lucas*, 713 F.2d 143 (5th

Cir. 1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Moreover, allegations of threats and harassment by a guard simply do not state colorable civil rights claims and are not actionable under § 1983. *See*, *e.g.*, *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *see also Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action).

Here, Reeder's verified Complaint (ECF No. 1-1) alleges that after he filed the PREA complaint on November 28, 2018, McCain retaliated against him and would not allow him to have his legal materials. ECF No. 1-1 at 3. He alleges that McCain put him in in lock down and would not allow him to call his family or his lawyer. *Id.* He also alleges McCain obstructed the investigation of the PREA, including never notifying the Sheriff's office and not running the DNA sample provided for the investigation. *Id.* at 3-4. And he claims that the retaliation against him for exercising his First and Fourteenth Amendment rights in filing the PREA were by or at the direction of McCain, acting under color of state law. *Id.* at 5.

Reeder also submits deposition testimony that RLCC employees, including McCain, put pressure on him to drop his PREA complaint. ECF No. 74-1 at 43. He elaborated, stating that McCain allowed all the correctional officers "free range to do what they wanted to get [him] to drop it." *Id.* He did not necessarily talk to McCain about his PREA complaint, but McCain was in the office when Poret was talking to him and threatening him and did nothing. *Id.* at 43-44. And on the day he reported

the complaint, McCain told him "he [hasn't] seen the darkest places of his prison and [he's] about to find out." *Id.* at 44.

Here, Reeder must establish that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods,* 60 F.3d at 1166.  Reeder provides no independent evidence establishing a causal connection between his exercise of his constitutional rights and alleged acts.  *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Reeder offers only his testimony regarding threatening language, which does not amount to a constitutional violation.  *See Randolph*, 60 F.3d at 1166.  Even if Defendants had retaliatory motive, Reeder must allege acts that "would chill or silence a person of ordinary firmness from future First Amendment activities."  *See Morris,* 449 F.3d at 687 (*quoting Crawford–El v. Britton,* 93 F.3d 813, 826 (D.C.Cir.1996) (en banc), vacated on other grounds, 523 U.S. 574 (1998)).  But Reeder himself was not deterred by McCain's alleged conduct.  To the contrary, he continued to pursue his PREA complaint regardless of the alleged threats. To sustain a showing of a constitutional violation, Reeder must assert more than a *de minimis* or inconsequential retaliatory adverse act.  *See Morris*, 449 F.3d at 684-85.  Thus, Defendants are entitled to summary judgment on Reeder's § 1983 claim against McCain for retaliation in violation of the First Amendment.

18

3.   **Summary judgment is appropriate as to Reeder's § 1983 claims against McCain for interference with legal mail and denial of access to the courts.**

Defendants seeks dismissal of Reeder's First and Fourteenth Amendment claims against McCain for alleged mail tampering. ECF No. 68-1 at 13. Defendants argues Reeder must allege more than an isolated instance. *Id.* at 28. Rather, Defendants contend Reeder must allege that interference hindered his efforts to pursue legal claims for relief and caused actual injury. *Id.* Defendants assert no such allegations and proof have been presented by Reeder. *Id.* Defendants further argue Reeder failed to establish any violation or deprivation of a Fourteenth Amendment right. *Id.*

In his verified Complaint (ECF No. 1-1), Reeder alleges RLCC tampered with and copied his legal mail. ECF No. 1-1 at 4. Reeder does not specifically allege a claim for mail tampering in the causes of action asserted. To the extent such claim is asserted, Reeder argues in his opposition that he testified that Assistant Warden Poret went into his cell, went through his possessions, and read all his legal mail. ECF No. 74 at 13. Attached to his opposition is an investigative service report[13] by DPSC (ECF No. 74-2) which reflects that during a PREA investigation on November 28, 2018, it was learned that Reeder contacted his attorney Donna Grodner ("Grodner") and made allegations of sexual assault. ECF No. 74-2 at 20. The report states that on November 13, 2018, Grodner sent Reeder a letter marked "LEGAL MAIL" in which Grodner advised Reeder to allow himself to be sexually assaulted

---

[13] The Court notes the report is directed at Reeder's counsel for her alleged misuse of legal mail as to multiple inmates, including Reeder.

again, collect DNA evidence, and mail it to her. *Id.* The report contains findings regarding misuse of legal mail by Attorney Grodner in relation to other inmates. *Id.*

Interference with legal mail by a prison official may violate an inmate's constitutional right of access to the courts, or his First Amendment right to free speech, that is, freedom from unjustified governmental interference with communication. *Brewer v. Wilkinson,* 3 F.3d 816, 821, (5th Cir.1993), *cert. denied,* 510 U.S. 1123 (1994). Inmates have a First Amendment right both to send and receive mail. *See Thornburgh v. Abbott,* 490 U.S. 401 (1989). But that right does not preclude prison officials from examining mail to ensure that mail does not contain contraband. S*ee Brewer,* 510 U.S. 1123 (1994) ("A prisoner's freedom from censorship under the First Amendment . . . with regard to his incoming mail is not the equivalent of freedom from inspection or perusal.") (*citing Wolff v. McDonnell,* 418 U.S. 539, 576 (1974)).

*Even if it occurs outside of the prisoner's presence and even if it is in violation of prison regulations,* the inspection and censorship of incoming prisoner mail does not provide grounds for relief pursuant to § 1983. *See Brewer,* 3 F.3d at 825; *Henthorn v. Swinson,* 955 F.2d 351, 353 (5th Cir. 1992) (rejecting a complaint concerning the opening of legal mail not bearing the required special mail inscription outside of an inmate's presence); *see also Singletary v. Stadler,* 2001 WL 1131949 (5th Cir. 2001) (unpublished per curiam) (affirming that "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected").

In other words, "[s]tanding alone . . . the opening of inmate mail does not state a cognizable constitutional claim." *Henderson v. Johnson*, 201 Fed.Appx. 284, 286 (5th Cir. 2006) (citing *Brewer*, 3 F.3d 816, 825 (5th Cir. 1993); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (holding that "in order to prevent the sending of contraband, prison authorities may open a prisoner's mail for inspection"). Even where the fact of opening an inmate's mail is genuinely disputed, that fact is not material. *See Henderson*, 201 Fed.Appx. at 286. There must be a demonstration of actual prejudice or detriment from interference with legal mail – such as prejudice in missing a deadline on a non-frivolous claim – before there is a denial of access to the courts. *See Ruiz v. United States*, 160 F.3d 273 (5th Cir. 1998). That is true whether an inmate alleges tampering or interference with legal mail or alleges denial of his right of access to the courts. *See Garcia v. Glenn*, 839 Fed.Appx. 927 (5th Cir. 2021) (per curiam); *Brewster*, 587 F.3d at 769.

Here, evidence shows Reeder's legal mail was opened for inspection. However, Reeder fails to raise a genuine issue of material fact that McCain interfered with his legal mail or denied his right of access to the courts. And Reeder fails to demonstrate an actual injury related to his allegation of denial of access to the courts. Thus, summary judgment is appropriate as to Reeder's § 1983 claims against McCain for interference or tampering with his legal mail and denial of access to the courts.

21

**D.    Reeder's state tort claims**

DPSC and McCain seek dismissal of Reeder's negligence-based state law claims.[14]   ECF No. 68-1 at 14-19.   Specifically, DPSC and McCain believe Reeder appears to allege state law tort claims for intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and negligence-based training and/or supervision.   *Id.* at 14.

**1.    Summary judgment as to Reeder's state law tort claims of IIED and NIED against McCain is appropriate.**

Defendants seek dismissal of Reeder's IIED claim against McCain.   ECF No. 68-1 at 15.   Defendants argue Reeder failed to identify any specific action was either extreme or outrageous.   *Id.*   Reeder does not allege McCain participated in the alleged sexual assault.   *Id.* at 15.

Further, Defendants argue Reeder fails to establish evidence of damages due to "fear and fright" and "mental anguish and distress" from Ducote's alleged misconduct.   *Id.*   Specifically, Defendants argue Reeder fails to produce evidence that he received counseling services to treat, that he has taken medications for, or that he has seen any healthcare professional related to, his alleged emotional or mental injuries.   *Id.*   Defendants also assert Reeder has no evidence of the subjective state of mind of the alleged tortfeasors, or proof that McCain – now deceased – desired to inflict great emotional harm on him. *Id.*

---

[14] Defendants do not seek summary judgment as to Reeder's state law claims against DPSC for vicarious liability for the alleged acts of Ducote.  Thus, the Court need not consider summary judgment as to Reeder's vicarious liability claim against DPSC under Louisiana state law, to the extent a claim is asserted.

Defendants also seek dismissal of Reeder's NIED claim against McCain. *Id.* at 15-16. In Defendants' view, Reeder cannot show any distress that was severe and there is no evidence of physical injury. *Id.* at 16.

Citing to Reeder's deposition testimony (ECF No. 74-1), Reeder argues the evidence of unwanted touching is replete in the record. ECF No. 74 at 6. Reeder testified Ducote assaulted him November 3, 2018 and November 4, 2018, and lastly on November 27, 2018. ECF Nos. 74 at 7, 74-1 at 17. Reeder argues the conduct – the forced sexual touching by Ducote – is outrageous conduct. *Id.* (citing *Lagarde v. Metz*, 2017 WL 457654, at *4 (M.D. La. Feb. 2, 2017)). Reeder further argues that correctional officers at RLCC were trying to spread rumor that Reeder was a homosexual. *Id.* at 8. And Reeder contends "[t]he mental distress in this case is serious." *Id.* Reeder asserts his deposition testimony shows he was treated with medication for depression related to the sexual assault. *Id.*; ECF No. 74-1 at 2.

Reeder testified he heard several correctional officers talking about his PREA complaint and the alleged sexual acts while he was at RLCC, including McCain. ECF No. 74-1 at 9. Reeder also testified he cut himself on his wrist around March of 2019. *Id.* at 32. RLCC staff, including McCain, called him a rat. *Id.* at 33. McCain and other RLCC staff put pressure on him to drop his PREA complaint. *Id.* at 43. Specifically, McCain allowed the officers "free range" to get Reeder to drop the PREA complaint. *Id.* Reeder provided medical records showing he was treated for a self-inflicted cut to his left wrist, stating he did it because he was requesting mental

health treatment and no one was listening.  ECF No. 74-4 at 16.  He was also treated for losing weight and not eating in August of 2019.  *Id.* at 22.

To establish an intentional infliction of emotional distress claim under Louisiana law, Reeder must show: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991).  A defendant's conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Glenn v. Boy Scouts of America*, 977 F.Supp. 786, 789 (W.D. La. 1997) (citations omitted).  Moreover, the distress suffered must be so severe "'that no reasonable person could be expected to endure it.'" *Robinson v. St. Tammany Parish Public Sch. Sys.*, 983 F.2d 835, 850 (E.D. La. 2013) (quoting *White*, 585 So.2d at 1210). The defendant must have also intended to cause the severe emotional distress. *Griffith v. La.*, 808 F.2d 926, 935 (E.D. la. 2011) (citation omitted).

"Louisiana law does not generally recognize an independent cause of action for negligent infliction of emotional distress . . . . The cause of action is available under limited circumstances only."  *DirectTV, Inc. v. Atwood*, 2003 WL 22765354, at *3 (E.D. La. Nov. 19, 2003) (internal quotation marks omitted).  To recover for negligent infliction of emotional distress, there must be proof that the defendant violated some legal duty owed to the plaintiff.  *See Haith v. City of Shreveport*, 2005 WL 2140583,

at *6 (W.D. La. Sept. 1, 2005).  The plaintiff must also meet the heavy burden of proving outrageous conduct by the defendant.  *See id.* at *6.

Here, the record does not support Reeder's claims against McCain for IIED and NIED.  Reeder has not alleged or shown evidence establishing McCain acted in an outrageous manner intended to cause Reeder severe emotional distress.  Reeder's claims of IIED and NIED against McCain should be dismissed with prejudice.

### 2.    Defendants are entitled to discretionary immunity as to Reeder's state law claim of failure to train only.

Defendants seeks dismissal of Reeder's state law claims of failure to train and negligent supervision of Ducote.  ECF No. 68-1 at 16.  Defendants argue Reeder can offer no testimony or personal knowledge about the training Ducote received through his employment with DPSC. *Id.*  DPSC has discretionary immunity under La. R.S. 9:2798.1. *Id.* at 17 (citing *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005); *Fridge v. Marksville*, 2019 WL 1923445 (W.D. La. 2019), report and recommendation adopted, 2019 WL 1923340 (W.D. La. 2019)).  Citing the absence of evidence that Ducote was inadequately trained, Defendants contend DPSC is entitled to discretionary immunity for any negligent training claim. *Id.* at 19. (citing cases recognizing discretionary immunity of public entities and their chief law enforcement officers).

Reeder does not specifically allege a state law cause of action for failure to train and supervise.  ECF No. 1-1.  However, Reeder does allege that Defendants placed Ducote in a position to have contact with inmates at his will.  ECF No. 1-1.  State law

prohibits guards from having sexual relations with inmates, and according to Reeder DOC rules, regulations, and procedures were violated. *Id.*

Additionally, Reeder claims that pending discovery may reveal additional evidence of McCain's negligent supervision of Ducote. ECF No. 74 at 9. Specifically, Reeder expects future production of documents such as the personnel file of Ducote and the ARPs or complaints submitted to McCain concerning Ducote of prior similar complaints. *Id.* at 9-10. Reeder argues discovery may reveal McCain should not have left Ducote alone in a position of authority over inmates. *Id.* at 10. Reeder points to his deposition testimony that multiple other correctional officers were retaliating against him. *Id.* Reeder also testified that McCain pressured Reeder to drop the PREA/ARP and witnessed Assistant Warden Troy Poret retaliating. *Id.*; ECF No. 74-1 at 43-44.

Defendants argue that they are entitled to discretionary immunity under La. R.S. 9:2798.1. That statute provides that public entities or their officers or employees are immune from suit for discretionary acts performed within the course and scope of employment. Defendants maintain it will preclude liability on all of a plaintiff's state law claims if its applicability is established by defendants. *See Turner v. Houma Mun. Fire*, 2002 WL 1467876, at *6 (E.D. La. July 8, 2002); *see Glaster v. City of Mansfield*, 2015 WL 852412, at *10 (W.D. La. Feb. 26, 2015) ("[Q]ualified immunity does not apply to Louisiana tort claims. Instead, Louisiana's discretionary immunity statute applies to those claims."); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005) (applying statute to negligent training and supervision claims

because "training and supervision decisions are grounded in policy considerations"). The statute defines "public entity" to include the state and any of its branches and political subdivisions and the departments, offices, and agencies of such political subdivisions. La. R.S. 9:2798.1(A).

However, courts have held that La. R.S. 9:2798.1 "does not protect against legal fault or negligent conduct at the operational level, but only confers immunity for policy decisions, i.e. decisions based on social, economic, or political concerns." *Lockett v. New Orleans City*, 639 F.Supp. 2d 710, 745 (E.D. La. 2009), *aff'd*, 2010 WL 1811772 (5th Cir. May 5, 2010); *see also Sahota v. Cobb*, 2015 WL 6835480, at *4 (W.D. La. Nov. 6, 2015) ("[o]perational choices . . . which involve the implementation of policy, are not immune."). And "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" are not subject to this provision. La. R.S. 9:2798.1(B)(2).

Here, Reeder does not contest Defendants' assertions regarding failure to train and Reeder does not assert a cause of action for failure to train against Defendants. Even if Reeder had alleged a state law claim of failure to train against Defendants, the Court finds Defendants would be entitled to discretionary immunity under La. R.S. 9:2798.1. Thus, summary judgment is appropriate as to Reeder's state law claim, to the extent asserted, of failure to train against Defendants.

Reeder, however, appears to assert a state law claim of negligent supervision against Defendants. There, Defendants are not protected by La. R.S. 9:2798.1 because the statute "does not protect against legal fault or negligent conduct at the

operational level, but only confers immunity for policy decisions." *Lockett*, 639 F.Supp. 2d at 745. Reeder's claims against Defendants amount to negligence at the operational level. The allegations arise from Defendants alleged failure to intervene or negligently supervise as to Ducote to prevent the alleged sexual assault against Reeder. Reeder's allegations are premised on intentional or malicious conduct. Neither side maintains that the alleged supervisory choices are grounded in policy considerations. Thus, Reeder's state law negligent supervision claim is not barred by the discretionary immunity and summary judgment on that basis should be denied.

## E. Defendants are not entitled to attorney's fees.

Defendants seek attorney's fees under 42 U.S.C. § 1988. ECF No. 68. Section 1988 provides that a court, in its discretion, may award the prevailing party a reasonable attorney's fee as part of the costs for proceedings in vindication of civil rights. *See Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001) (citing 42 U.S.C. § 1988). A prevailing defendant, however, must prove that a suit was frivolous or groundless to recover such fees. *See Broyles v. Texas*, 381 Fed.Appx. 370, 373 (5th Cir. 2010) (citing *No Barriers, Inc. v. Brinker Chili's Tex., Inc.,* 262 F.3d 496, 498 (5th Cir. 2001)).

Defendants present no evidence was presented that the claims were frivolous, unreasonable, or groundless. Thus, Defendants' request should be denied.

## III. Conclusion

Because Reeder concedes that he does not seek injunctive relief, and that he does not assert any independent PREA claim, Eighth Amendment claim against

McCain, any vicarious liability claim under § 1983, *Monell* claim, or negligence per se claim; because Defendants waived their sovereign immunity only from suit in federal court by voluntarily removing this litigation, but are not "persons" against whom a § 1983 claim for monetary damages may be asserted;[15] because there is no genuine issue of material fact as to Reeder's § 1983 claims against McCain under the First and Fourteenth Amendment for mail tampering or denial of access to courts through interference with the mail, or under the First and Fourteenth Amendments for retaliation and obstruction of investigation; and because Defendants are entitled to discretionary immunity only as to Reeder's state law claim of failure to train;

IT IS RECOMMENDED that Defendants' incorporated objection or Motion to Strike (ECF No. 68) Reeder's Exhibits 3 (ECF No. 74-3), 4 (ECF No. 74-4), and 5 (ECF No. 74-5) be treated as an objection under Fed. R. Civ. P. 56(c)(2). Defendants' objection to Exhibits 3 (ECF No. 74-3) and 5 (ECF No. 74-5) should be sustained and Defendants' objection to Exhibit 4 (ECF No. 74-4) should be overruled.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 68) be GRANTED IN PART AND DENIED IN PART. To the extent Defendants seek dismissal of official capacity claims for injunctive relief; claims under the PREA;[16] claims under the Eighth Amendment against McCain; claims for

---

[15] For these same reasons and to the extent Reeder asserts an § 1983 official capacity claim against McCain for failure to train or supervise, that claim should also be dismissed. And because Reeder fails to establish a genuine issue of material fact against McCain for failure to train or supervise in his individual capacity under § 1983, and to the extent such claim is possibly alleged, that claim should be dismissed.

[16] Reeder does not assert an independent cause of action under the PREA. ECF No. 74 at 5. However, he cites the PREA as a standard of care as to his § 1983 claims under the First and Fourteenth Amendment for retaliation and his state law negligence claims. *Id.*

vicarious liability under § 1983; claims under *Monell;* claims for negligence per se;[17] official capacity claims under § 1983 against Defendants for monetary damages; §1983 claims against McCain in his official and individual capacities for failure to train or supervise; § 1983 claims against McCain for retaliation and obstruction of investigation, and for interference with legal mail or denial of access to the courts in violation of the First and Fourteenth Amendments; and Reeder's state law claim for failure to train, summary judgment should be GRANTED.  To the extent Defendants seek dismissal of Reeder's state law claim for negligent supervision based on discretionary immunity, summary judgment should be DENIED.

IT IS FURTHER RECOMMENDED that, to the extent asserted, the following claims be DISMISSED WITH PREJUDICE:  (1) any claim for injunctive relief; (2) any independent claim under the PREA; (3) any claim under the Eighth Amendment against McCain; (4) any claim for vicarious liability under § 1983; (5) any claim under *Monell*; (6) any independent claim under negligence per se; (7) official capacity claims under § 1983 against Defendants for monetary damages; (8) § 1983 claims against McCain in his individual and official capacity for failure to supervise or train; (9) § 1983 claims against McCain under the First and Fourteenth Amendments for tampering or interference with legal mail or denial of access to the courts and for

---

[17] Reeder does not assert a separate claim for negligence per se.  ECF No. 74 at 16.  Rather, Reeder cites negligence per se to establish a standard of care under his state law negligence claim.  *Id.*

retaliation and obstruction of investigation; and (10) state law claim for failure to train.[18]

     IT IS FURTHER RECOMMENDED that Defendants' request (ECF No. 68) for attorney's fees under 42 U.S.C. § 1988 should be DENIED.

     Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

     A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[18] Having recommended dismissal of these claims, it appears the remaining claims as to these Defendants are state law claims for negligent supervision and vicarious liability. Reeder's claims against Ducote also remain pending.

SIGNED on Wednesday, April 21, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE