c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL REEDER,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-00807 |
| VERSUS | JUDGE JOSEPH |
| SGT. "HOSS" DUCOTE, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Partial Summary Judgment (ECF No. 69) filed by Defendant Austin Ducote ("Ducote"). Ducote seeks partial summary judgment of Plaintiff Daniel Reeder's ("Reeder's") claims: (1) against him in his official capacity; (2) for negligence per se; and (3) for any Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq.* violatino. ECF No. 69 at 1. Reeder opposes. 73.

Because there is no genuine issue of material fact that Ducote is entitled to partial summary judgment as to these discrete claims, Ducote's Motion for Partial Summary Judgment (ECF No. 69) should be GRANTED.

I.  Background

On May 14, 2019, Reeder filed a verified Petition in the Twelfth Judicial District Court, Avoyelles Parish, against Defendants Ducote, the Louisiana Department of Public Safety and Corrections ("DPSC"), and Warden Sandy McCain ("McCain") (collectively, "Defendants"), for alleged sexual assaults by Ducote in November of 2018. ECF No. 1-1. Reeder was incarcerated at Raymond Laborde Correctional Center ("RLCC"). ECF No. 1-1 at 2. Reeder asserts Defendants violated

1

his civil rights under 42 U.S.C § 1983 and retaliated against him for reporting the sexual assaults under the PREA. Reeder also asserts state law claims for negligence and *respondeat superior* liability. ECF No. 1-1 at 6. Reeder seeks attorney's fees and costs under 42 U.S.C. § 1988 and punitive damages under § 1983. *Id.*

On June 25, 2019, DPSC and McCain removed. ECF No. 1. Defendants answered. ECF Nos. 7, 8.

Ducote now seeks partial summary judgment of Reeder's official capacity, negligence per se, and PREA claims against him. ECF No. 69-1 at 1. In support, Ducote submits a Statement of Material Facts Not Genuinely Disputed (ECF No. 69-2) and excerpts of Reeder's deposition (ECF No. 69-3).

Reeder opposes. ECF No. 73 at 1. However, Reeder states he does not assert official capacity, PREA, or negligence per se claims against Ducote. ECF No. 73 at 1. Reeder submits the PREA Department Regulations (ECF No. 73-1), DPSC Corrections Services Employee Manual (ECF No. 73-2), and Response to Ducote's Statement of Facts (ECF No. 73-3).

## II. Law and Analysis

### A. Standards governing summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

2

>  (1) give an opportunity to properly support or address the fact;
>  (2) consider the fact undisputed for purposes of the motion;
>  (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>  (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

### B. Ducote is entitled to partial summary judgment as to any official capacity, PREA, or negligence per se claims against him.

Ducote seeks partial summary judgment of Reeder's official capacity, negligence per se, and PREA claims against him. ECF No. 69 at 1. Ducote argues that to the extent Reeder asserts an official capacity claim, that claim fails as it is duplicative of Reeder's claims against RLCC. *Id.* at 3. Also, Ducote seeks dismissal of any claim against Ducote for violating PREA because the PREA does not create or confer a private right of action. *Id.* at 4 (citing *Krieg v. Steele*, 599 Fed.Appx. 231

---

[1] Local rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

(5th Cir. 2015) (unpublished). Ducote also seeks dismissal of any independent cause of action under negligence per se. *Id.*

Reeder states that these claims were not pleaded. ECF No. 73.

Ducote's Motion for Partial Summary Judgment (ECF No. 69) should thus be GRANTED.

### C. Ducote is not entitled to attorney's fees.

Ducote seeks attorney's fees under 42 U.S.C. § 1988. ECF No. 69. at 4. Section 1988 provides that a court, in its discretion, may award the prevailing party reasonable attorney's fees as part of the costs for proceedings in vindication of civil rights. *See Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001) (citing 42 U.S.C. § 1988). A prevailing defendant, however, must prove that a suit was frivolous or groundless to recover such fees. *See Broyles v. Texas*, 381 Fed.Appx. 370, 373 (5th Cir. 2010) (citing *No Barriers, Inc. v. Brinker Chili's Tex., Inc.,* 262 F.3d 496, 498 (5th Cir. 2001)).

Here, no evidence was presented that the claims were frivolous, unreasonable, or groundless. And, Reeder concedes he does not assert the claims referenced by Ducote. Thus, Ducote's request should be denied.

### III. Conclusion

Because Reeder concedes that he does not assert any claim against Ducote in his official capacity, any independent PREA claim, or any negligence per se claim;

IT IS RECOMMENDED that Ducote's Motion for Partial Summary Judgment (ECF No. 69) be GRANTED.

IT IS FURTHER RECOMMENDED that, to the extent asserted, the following claims be DISMISSED WITH PREJUDICE: (1) any claim against Ducote in his official capacity; (2) any independent claim under the PREA; and (3) any independent claim under negligence per se.

IT IS FURTHER RECOMMENDED that Ducote's request (ECF No. 69) for attorney's fees under 42 U.S.C. § 1988 should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, April 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE