UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DANIEL REEDER** | **CIVIL DOCKET NO. 1:19-CV-00807** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SGT. "HOSS" DUCOTE, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### MEMORANDUM ORDER

Before the Court is the REPORT AND RECOMMENDATION ("R&R") of the Magistrate Judge previously filed herein [Doc. 123] making recommendations as to the disposition of a Motion for Summary Judgment (the "Motion") [Doc. 68] filed by Defendants, the Louisiana Department of Public & Safety Corrections ("DPSC") and Warden Sandy McCain ("Warden McCain") (collectively, "Defendants"). The R&R recommends summary judgment in Defendants' favor as to each of Plaintiff's claims against DPSC and Warden McCain except for Plaintiff's claims for vicarious liability[1] and negligent supervision under Louisiana law.

Defendants have filed an Objection to the R&R only insofar as it recommends denial of summary judgment on Plaintiff's negligent supervision claim. [Doc. 126]. After an independent review of the record, and for the reasons that follow, the Court sustains the Defendants' objection and adopts in part and overrules in part the R&R.

Louisiana's discretionary immunity statute grants immunity from suit to the state and its officials when the allegations are based "upon the exercise or

---

[1] Defendants did not move for summary judgment of Plaintiff's vicarious liability claim under Louisiana law.

1

performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La. R.S. 9:2798.1(B). Discretionary immunity does not shield the state or its officials from liability for "legal fault or negligent conduct at the operational level, but only confers immunity for policy decisions." *Foster v. Jeter*, CV 18-01178, 2019 WL 3063597, at *4 (W.D. La. July 10, 2019). Further, "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" are not protected by discretionary immunity. La. R.S. 9:2798.1.

Courts routinely dismiss claims of negligent hiring, training, and supervision against the state and its officials based on discretionary immunity, reasoning that the decisions made by state officials to hire, train, and supervise are discretionary – not operational – in nature. *See, e.g., Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005); *Skinner v. Ard*, CV 19-66-JWD-EWD, 2021 WL 388830, at *13 (M.D. La. Feb. 3, 2021); *Foster*, 2019 WL 3063597, at *4; *Fridge v. City of Marksville*, 1:15-CV-01998, 2019 WL 1923445, at *7 (W.D. La. Apr. 8, 2019), *report and recommendation adopted*, 1:15-CV-01998, 2019 WL 1923340 (W.D. La. Apr. 26, 2019); *Hoffpauir v. Columbia Cas. Co.*, CIV.A. 12-403-JJB, 2013 WL 5934699, at *12-13 (M.D. La. Nov. 5, 2013).

Here, the Defendants' decisions and policies concerning the supervision of employees are discretionary functions and they are to be afforded discretionary immunity in the absence of intentional, malicious, reckless, or willful conduct. Other than his own uncorroborated testimony, Plaintiff has failed to present any evidence

revealing such misconduct on the part of DPSC and Warden McCain. Further, the Court has conducted an *in camera* review of Sgt. "Hoss" Ducote's personnel file and the PREA Investigation Report, neither of which contain any prior complaints against Sgt. Ducote or other information indicating that Defendants' alleged failure to supervise Sgt. Ducote could rise to the level of intentional, malicious, reckless, or willful. Noting the absence of any countervailing facts, the Court finds that the Defendants' supervision of Sgt. Ducote was discretionary in nature. Defendants are therefore entitled to summary judgment on Plaintiff's negligent supervision claim.

Accordingly, the Court sustains Defendants' objection and GRANTS, in full, DPSC and Warden McCain's Motion for Summary Judgment. [Doc. 68].

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants DPSC and Warden McCain are DISMISSED WITH PREJUDICE, with the exception of his vicarious liability claim under Louisiana law.

THUS, DONE AND SIGNED in Chambers on this 3rd day of June 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE